IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY JUNE CLABORN,

    Petitioner,                     No.  CIV S-11-2112 GGH P

    vs.

GARY SWARTHOUT, Warden,

                                <u>ORDER</u>

    Respondent.

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.[1] Petitioner has consented to the jurisdiction of the undersigned.  Docket # 8.   Petitioner was convicted of kidnapping for rape with use of a deadly weapon, rape with force and threat, and robbery, after a jury trial in Los Angeles County Superior Court in 1979, and sentenced to state prison term of seven years to life plus one year, or eight-years-to-life.  Petition, pp. 2-3; Docket # 1-2, August 3, 2009 Parole Hearing Transcript, p. 37.[2]  Petitioner challenges the 2009 decision by the California Board of Parole Hearings (BPH) finding him unsuitable for parole at a subsequent

---

[1] This case was filed in this district on August 10, 2011, pursuant to an August 5, 2011, order of transfer from the Northern District.

[2] The court's electronic pagination is referenced.

1

parole consideration hearing. Docket # 1-2, August 3, 2009 Parole Hearing Transcript, pp. 35-100-docket # 1-3, pp. 1-13.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

Petitioner raises the following grounds: 1) BPH violated Cal. Penal Code § 5011 by denying parole; 2) BPH had no evidence to justify a finding that petitioner needed more therapy; 3) BPH erred in finding the latest psychological evaluation constituted a basis for parole denial; 4) there is no evidence of any nexus between the factors cited BPH to deny parole and public safety; 5) parole denial based on unchanging factors is violative of due process; 6) BPH Commissioners Gillingham and Blonien violated the Ex Post Facto Clause of both the federal and state constitutions by denying petitioner parole based on petitioner's concurrent sentence for rape; 7) Due Process violation by Commissioners Gillingham and Blonien when petitioner's psychological evaluation was used to deny him parole. Petition, pp. 6-12.

As to claim 1, wherein petitioner contends that the BPH violated Cal. Penal Code § 5011 because he denied committing a juvenile rape offense[3] and because the panel did not believe his motive for his commitment offense,[4] petitioner does not set forth a colorable ground. Petition, pp.6, 9. Under Cal. Penal Code § 5011(b), the BP[H] "shall not require, when setting parole date, an admission of guilt to any crime for which an inmate was committed." Even assuming petitioner's BPH panel violated this provision, it does not rise to the level of a federal

---

[3] Petitioner evidently pled guilty as a sixteen-year-old to an earlier rape, which offense he denied having committed at the hearing, indicating he said he did it, following police guidance, because he believed he would be released back to his father's custody as he had been with prior juvenile offenses. See Petition Exh. (docket # 1-2), copy of August 3, 2009 parole hearing transcript, pp. 49, 55-58 (court's electronic pagination).

[4] Although petitioner opted not to speak of his commitment offense, when asked about his motivation for that crime, petitioner stated that he always had run-ins with the police and hated them and that a police officer had raped his girlfriend. See Petition Exh. (docket # 1-2), pp. 45-46, 68-69.

constitutional violation.  A writ of habeas corpus is available under 28 U.S.C. § 2254(a) only on the basis of some transgression of federal law binding on the state courts.  Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983). It is unavailable for alleged error in the interpretation or application of state law.  Middleton v. Cupp, 768 F.2d at 1085; see also Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir. 1987); Givens v. Housewright, 786 F.2d 1378, 1381 (9th Cir. 1986).  Habeas corpus cannot be utilized to try state issues de novo.  Milton v. Wainwright, 407 U.S. 371, 377, 92 S. Ct. 2174, 2178 (1972).

        The Supreme Court has reiterated the standards of review for a federal habeas court.  Estelle v. McGuire, 502 U.S. 62, 112 S. Ct. 475 (1991).  In Estelle v. McGuire, the Supreme Court reversed the decision of the Court of Appeals for the Ninth Circuit, which had granted federal habeas relief.  The Court held that the Ninth Circuit erred in concluding that the evidence was incorrectly admitted under state law since, "it is not the province of a federal habeas court to reexamine state court determinations on state law questions."  Id. at 67-68, 112 S. Ct. at 480.  The Court re-emphasized that "federal habeas corpus relief does not lie for error in state law."  Id. at 67, 112 S. Ct. at 480, citing Lewis v. Jeffers, 497 U.S. 764, 110 S. Ct. 3092, 3102 (1990), and Pulley v. Harris, 465 U.S. 37, 41, 104 S. Ct. 871, 874-75 (1984) (federal courts may not grant habeas relief where the sole ground presented involves a perceived error of state law, unless said error is so egregious as to amount to a violation of the Due Process or Equal Protection clauses of the Fourteenth Amendment).

        The Supreme Court further noted that the standard of review for a federal habeas court "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States (citations omitted)."  Id. at 68, 112 S. Ct. at 480.  The Court also stated that in order for error in the state trial proceedings to reach the level of a due process violation, the error had to be one involving "fundamental fairness," Id. at 73, 112 S. Ct. at 482, and that "we 'have defined the category of infractions that violate "fundamental fairness" very narrowly.'"  Id. at 73, 112 S. Ct. at 482.  Habeas review does not lie in a claim that the state court erroneously allowed

or excluded particular evidence according to state evidentiary rules. Jammal v. Van de Kamp, 926 F.2d 918, 919 (9th Cir. 1991). While a parole board's requiring an admission of guilt for the commitment offense at a prisoner's parole hearing may violate state law,[5] petitioner has cited no authority set forth by the United States Supreme Court that such a requirement implicates either the due process or equal protection clauses of the Fourteenth Amendment.[6] The state court's denial of this claim was not an unreasonable application of clearly established Supreme Court authority,[7] and it will be denied.

---

[5] "The Board is precluded from conditioning a prisoner's parole on an admission of guilt. (Pen.Code, § 5011, subd. (b); Cal.Code Regs., tit. 15, § 2236.)" In re Palermo, 171 Cal.App.4th 1096, 1110, 90 Cal.Rptr.3d 101 (Cal. App. 3 Dist. 2009), overruled on another ground in In re Prather, 50 Cal.4th 238, 252, 255-57, 112 Cal.Rptr.3d 291, 302, 305 (2010).

[6] Moreover, this court's review of the reasons provided by the BPH for denying parole to petitioner do not demonstrate that this provision was actually implicated.

[7] The Supreme Court has set forth the operative standard for federal habeas review of state court decisions under AEDPA as follows: "For purposes of § 2254(d)(1), 'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'" Harrington v. Richter, 131 S. Ct. 770, 785 (2011), citing Williams v. Taylor, 529 U.S. 362, 410 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Id. at 786, citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004).
  Accordingly, "a habeas court must determine what arguments or theories supported or . . . could have supported[] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." Id. "Evaluating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.'" Id. Emphasizing the stringency of this standard, which "stops short of imposing a complete bar of federal court relitigation of claims already rejected in state court proceedings[,]" the Supreme Court has cautioned that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id., citing Lockyer v. Andrade, 538 U.S. 63, 75 (2003).
  The undersigned also finds that the same deference is paid to the factual determinations of state courts. Under § 2254(d)(2), factual findings of the state courts are presumed to be correct subject only to a review of the record which demonstrates that the factual finding(s) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." It makes no sense to interpret "unreasonable" in § 2254(d)(2) in a manner different from that same word as it appears in § 2254(d)(1) – i.e., the factual error must be so apparent that "fairminded jurists" examining the same record could not abide by the state court factual determination. A petitioner must show clearly and convincingly that the factual determination is unreasonable. See Rice v. Collins, 546 U.S. 333, 338 (2006).

As to claims 2, 3, 4, 5, and 7, on January 24, 2011, the United States Supreme Court in a per curiam decision found that the Ninth Circuit erred in commanding a federal review of the state's application of state law in applying the "some evidence" standard in the parole eligibility habeas context. Swarthout v. Cooke, ___ U.S. ___, 131 S. Ct. 859, 861 (2011). Quoting, inter alia, Estelle v. McGuire, 502 U.S. 62, 67 (1991), the Supreme Court re-affirmed that "'federal habeas corpus relief does not lie for errors of state law.'" Id.  While the high court found that the Ninth Circuit's holding that California law does create a liberty interest in parole was "a reasonable application of our cases" (while explicitly not reviewing that holding),[8] the Supreme Court stated:

> When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal.

Swarthout v. Cooke, at 862.

Citing Greenholtz,[9] the Supreme Court noted it had found under another state's similar parole statute that a prisoner had "received adequate process" when "allowed an opportunity to be heard" and "provided a statement of the reasons why parole was denied." Swarthout v. Cooke, at 862. Noting their holding therein that "[t]he Constitution [] does not require more," the justices in the instances before them, found the prisoners had "received at least

---

[8] While not specifically overruling Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc), the Supreme Court instead referenced Pearson v. Muntz, 606 F.3d 606 (9th Cir. 2010), which further explained Hayward. Thus, the Supreme Court's decision in Swarthout, essentially overruled the general premise of Hayward. When circuit authority is overruled by the Supreme Court, a district court is no longer bound by that authority, and need not wait until the authority is also expressly overruled. See Miller v. Gammie, 335 F.3d 889, 899-900 (9th Cir. 2003) (en banc). Furthermore, "circuit precedent, authoritative at the time it was issued, can be effectively overruled by subsequent Supreme Court decisions that 'are closely on point,' even though those decisions do not expressly overrule the prior circuit precedent." Miller, 335 F.3d at 899 (quoting Galbraith v. County of Santa Clara, 307 F.3d 1119, 1123 (9th Cir. 2002)). Therefore, this court is not bound by Hayward.

[9] Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979).

this amount of process: They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied." Id. In this instance, the court's review of the August 3, 2009 parole hearing transcript petitioner has provided demonstrates unequivocally that he was both provided and opportunity to be heard and a statement of reasons why parole was denied, which petitioner does not dispute.

The Supreme Court was emphatic in asserting "[t]hat should have been the beginning and the end of the federal habeas courts' inquiry...." Swarthout v. Cooke, at 862. "It will not do to pronounce California's 'some evidence' rule to be 'a component' of the liberty interest...." Id., at 863. "No opinion of ours supports converting California's "some evidence" rule into a substantive federal requirement." Id., at 862. Thus, it appears there is no federal due process requirement for a "some evidence" review and it also appears that federal courts are precluded from review of the state court's application of its "some evidence" standard.[10] Therefore, claims 2, 3, 4, 5, and 7 will be denied.

In addition, claim 7 appears on the face of it to be unexhausted because petitioner states that, prior to the BPH hearing or subsequent state court [habeas] proceedings, he could not have discovered [or presented] new evidence from the Office of Administrative Law, evidence which he does not set forth, but which he apparently believes provides support for his claim that the psychological report used to determine future violence and recidivism for a lifer is somehow violative of the state parole statute. Petition, pp. 6, 11. The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If

---

[10] The court notes some perversity in the result here. Loss of good-time credits, even for a day, pursuant to decision at a prison disciplinary hearing, must be supported by "some evidence." Superintendent v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768 (1985). Assignment to administrative segregation requires the same "some evidence" before such an assignment can be justified. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir.2003). However, a denial of parole eligibility after sometimes decades in prison, and where another opportunity for parole can be delayed for as long as fifteen more years, requires no such protection from the federal due process standpoint. Nevertheless, such is the state of the law.

exhaustion is to be waived, it must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

        The claims raised herein have not been presented to the California Supreme Court.  Furthermore, claim 7 also appears to be, as is claim 1, a state law claim.

        Finally, as to claim 6, it is difficult to discern the gravamen of the claim. Petitioner contends that he has been subjected to Ex Post Facto violations by having been denied parole fourteen times based on his concurrent term for rape because the 31-year sentence he has already served has become excessive.  Petition, pp. 10-11.  His claim that the BPH panel has illegally increased the punishment for his rape offense in violation of the Ex Post Facto Clause is not colorable.

> "It is settled, by decisions of this Court so well known that their citation may be dispensed with, that any statute which punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time when the act was committed, is prohibited as *ex post facto*."

Collins v. Youngblood, 497 U.S. 37, 110 S. Ct. 2715 (1990), quoting Beazell v. Ohio, 269 U.S. 167, 169-170, 46 S. Ct. 68, 68-69 (1925).

        Petitioner received an indeterminate life sentence.

> Petitioner's claim fails for multiple reasons.  First, Article I of the United States Constitution provides that neither Congress nor any state shall pass an ex post facto law. U.S. Const. Art. I, § 9, cl. 3, Art. I, § 10, cl. 1. The Ex Post Facto Clause therefore applies to the Legislative Branch, not to the courts or an administrative body, such as the Board of Parole Hearings.  See *Rogers v. Tennessee*, 532 U.S. 451, 460, 121 S.Ct. 1693, 149 L.Ed.2d 697 (2001) (holding "[t]he Ex Post Facto Clause, by its own terms, does not apply to courts"); *Marks v. United States*, 430 U.S. 188, 191, 97

   S.Ct. 990, 51 L.Ed.2d 260 (1977) ("The Ex Post Facto Clause is a limitation upon the powers of the Legislature, and does not of its own force apply to the Judicial Branch of government .") (citations omitted)); *Lagrand v. Stewart*, 133 F.3d 1253, 1260 (9th Cir.) ("The Ex Post Facto Clause does not apply to court decisions construing statutes."), cert. denied, 525 U.S. 971, 119 S.Ct. 422, 142 L.Ed.2d 343 (1998).

   Moreover, the Board has not increased petitioner's punishment. The Ex Post Facto Clause prohibits the retrospective application of criminal statutes that change the definition of a crime or enhance the punishment for a criminal offense.

................................................................................

   Petitioner was sentenced to seven-years-to-life with the possibility of parole. [... ] While petitioner might have had a subjective expectation that he would be released from prison sooner, the Board's decision to deny him a parole release date because he presents an unreasonable risk of danger to society has not enhanced or otherwise "converted" petitioner's punishment. Accordingly, the Board's decision denying petitioner a parole release date did not violate the Ex Post Facto Clause, and petitioner's contention fails.

Karr v. Sisto, Case No. 2:07-0510 RSL JLW, 2010 WL 1135873 *13-*14 (E.D. Cal. Mar. 22, 2010).[11]

   Claim 6 will be denied. The court having found that there is no claim upon which the petition may proceed, it must be denied.

   Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis is granted;

////

////

////

////

////

---

[11] Report and Recommendations, adopted by Order, in Case No. 2:07-0510 RSL JLW, filed on June 15, 2010. Judgment was entered; on appeal, on May 3, 2011, the district court decision denying the petition and dismissing the case with prejudice was affirmed.

    2. The petition is denied; and

    3. A certificate of appealability should not issue in this action.[12]

DATED: September 15, 2011

                            /s/ Gregory G. Hollows
                            UNITED STATES MAGISTRATE JUDGE

GGH:009
clab2112.ord

---

[12] A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth herein, petitioner has not made a substantial showing of the denial of a constitutional right.